COMMISSIONER OF HIGHWAYS OF TOWNSHIP OF TIT-TABAWASSEE *v.* SPERLING.

HIGHWAYS—OBSTRUCTING WATER-COURSE—DEFENSES.

>   It is no defense to an action by a commissioner of highways for flooding a highway by the erection of a dam across a natural water-course that, owing to the construction of a ditch along the highway by the township authorities, water that otherwise would not have reached defendant's land was projected upon it through such water-course.

Error to Saginaw; Snow, J. Submitted May 4, 1899. Decided June 28, 1899.

Case by the commissioner of highways of the township of Tittabawassee against Fedinand Sperling for injuring a highway by willfully obstructing a water-course. From a judgment for plaintiff, defendant brings error. Affirmed.

*Trask & Smith,* for appellant.

*Snow & Snow,* for appellee.

Moore, J. This action was commenced in justice's court, by summons, to recover the statutory penalty for willfully obstructing a ditch. The declaration was in two counts, one alleging that defendant had obstructed a natural water-course, and the other count for obstructing a drain constructed for the purpose of draining a highway. The plea was the general issue. The trial in the justice's court resulted in a judgment against defendant for $25. Defendant appealed to the circuit court, where the case was tried, and resulted in a verdict and judgment against the defendant in the sum of six cents and costs. The defendant brings the case into this court upon a writ of error, upon claimed errors in the charge as given, and refusals to give certain charges as requested by defendant. We do not deem it necessary to discuss the assignments of error relating to the refusal to give the requests to charge, for the reason they were either not proper to be given, or else were sufficiently stated in the general charge.

The statute under which this proceeding was begun reads as follows:

"Whoever shall willfully obstruct the navigation of any river or stream which is now or may hereafter be declared a public highway, by felling any tree therein, or by putting into any such river or stream any refuse lumber, slabs, or other waste materials, or who shall willfully obstruct any highway, or fill up or place any obstructions in any ditch constructed for draining the water from any highway, or who shall injure any highway by diverting any creek, or by obstructing any water-course or sluice, shall forfeit for every such offense a sum not exceeding twenty-five dollars." 3 How. Stat. § 1403.

The record shows that defendant lives on the E. ½ of the S. E. ¼ of section 8, and has lived there since 1887. There is a highway running north and south on the east side of his farm, and one running east and west on the north side of it. A natural water-course has its rise in a northeasterly direction from the center of defendant's farm as it lies on the north and south road, and it passes across the highway through a culvert which is about 6

feet wide and 16 feet long, and which has been in existence for upwards of 20 years; then running in a south and west direction, it becoming a ravine, with banks 20 feet high, across Mr. Sperling's farm, it empties into the Tittabawassee river. Mr. Sperling constructed a dam of logs and dirt on his land west of the highway, between 3 and 4 feet high, and higher than the surface of the highway, and about 8 rods long. This dam was so constructed as to completely stop the water and leave no outlet for it. The effect of the dam is, in the springtime, to back the water up so that the highway is completely submerged from 6 inches to 2 feet in depth with water. Upon one occasion the culvert was floated out. It cost the township $6 to replace it.

It is the claim of defendant that the authorities had constructed a ditch on the east side of the highway, which brought water from the north which would not, in its natural course, reach defendant's lands, and projected it upon his lands, which action, it is claimed, justified him in erecting the dam. It is also claimed that defendant made an arrangement with the pathmaster, Munger, by which he was to cut a ditch along the highway which would carry this water to the river, and was given permission to build the dam in question. It is alleged that the court erred in his instructions to the jury in relation to these two defenses.

One does not find in all the testimony any authority to construct a dam. Mr. Munger testified that he never gave defendant authority to erect this dam. It is very doubtful, if he had attempted to do so, whether he would have been authorized to bind the township by any permission he could give; but it is very clear from the testimony that he did not give defendant permission. It is doubtful if any testimony was given fairly showing that any appreciable flow of water from the north was caused by reason of the ditch put upon the east side of the highway. Testimony was introduced on the part of the township that the only ditch put there was simply one just sufficiently large to drain

the surface of the highway, and by reason of putting it there no water reached defendant's land that would not naturally reach it. If the opening of this had that effect, it is possible that the defendant might have the right to stop the flow of water from it into the channel of the natural stream, though we express no opinion upon that point; but it would not justify him in building a permanent dam across the channel of this stream.

The charge of the court was very long, and, in the main, we think it a fair and correct statement of the law; but whether it is or not we do not think it necessary to decide, in this case, for the reason that, according to defendant's own version of the transaction, the plaintiff was entitled to a judgment against him, and the jury have made it as small as they could, and render any judgment at all.

Judgment is affirmed.

The other Justices concurred.